UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEROY BELLAMY, et al., | No. 1:16-cv-01171-DAD-SKO |
| Plaintiff, | |
| v. | ORDER REMANDING CASE TO STANISLAUS COUNTY SUPERIOR COURT, DENYING *IN FORMA PAUPERIS* MOTIONS AS MOOT, AND DIRECTING CLERK TO CLOSE CASE |
| DISTRICT ATTORNEY OFFICE, et al., | |
| Defendants. | |
| | (Doc. Nos. 2 and 3) |

On August 9, 2016, plaintiffs, who are proceeding *pro se*, filed a purported notice of removal in this court, naming as defendants Jeff Mangar and the Stanislaus County District Attorney's Office. (Doc. No. 1.) Plaintiffs also filed motions to proceed *in forma pauperis*. (Doc. Nos. 2 and 3.) Upon further examination of the removal documents, it appears that the plaintiffs are actually criminal defendants in a pending criminal action proceeding in state court who are seeking to remove that state criminal action against them to federal court. While inventive, plaintiffs have not established grounds for removal and the court must remand this action.

**Background**

This is not the first action plaintiffs have filed here in connection with the state court criminal case against them. Plaintiffs filed a separate civil action under 42 U.S.C. § 1983 and

1

other statutes against Stanislaus County District Attorney Jeff Mangar (also named as a defendant here) and two Stanislaus County Superior Court judges in this federal court.  This earlier filed civil action was dismissed without leave to amend in August 2016.  *Woodruff v. Villalobos*, Case No. 1:16-cv-1170-AWI-EPG, 2016 WL 4368004 (E. D. Cal. Aug. 15, 2016).

As plaintiffs' notice of removal indicates, the action for which removal is sought is a criminal action filed on July 22, 2016 in Stanislaus County Superior Court.  (Doc. No. 1 at 2.)  The notice indicates removal is sought because defendant Mangar is prosecuting plaintiffs in state court which, they contend, violates 28 C.F.R. § 1100, 22 C.F.R. § 92.18, the Racketeer Influenced and Corrupt Organizations ("RICO") Act, and 18 U.S.C. §§ 241 and 242.  (Doc. No. 1 at 3.)  The notice of removal also lists the two Stanislaus County Superior Court judges named in the recently dismissed federal civil action as "defendants," though they are not mentioned in the caption of the notice here.  (Doc. No. 1 at 3.)

**Legal Standard**

Federal courts are courts of limited subject matter jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.* (citations omitted).  The general rule for removing actions from state court to federal court is set by statute:

> A defendant or defendants desiring to remove *any civil action* from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446 (emphasis added).  The removal statute must be strictly construed against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  This means "the defendant always has the burden of establishing that removal is proper."  *Id.*  Moreover, district courts have "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not."  *United Investors Life Ins. Co. v.*

2

1 *Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *cf.* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

State criminal prosecution may only be removed to federal court under very specific and narrow circumstances. For instance, certain prosecutions against officers of the United States may be removed. *See* 28 U.S.C. § 1442(a); *Arizona v. Manypenny*, 451 U.S. 232, 241–43 (1981). Additionally, criminal prosecutions may be removed from state courts by persons who are denied equal civil rights under the law. 28 U.S.C. § 1443. Particularly, this requires the removing person to show first that they assert, "as a defense to the [state court] prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (quoting *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)). Second, they "must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

The removing parties here—styled as plaintiffs in the current pleadings, but appearing as defendants in the underlying state court criminal matter—suggest the action against them may be removed under either 28 U.S.C. §§ 1442, 1443, or 1446. However, plaintiffs here have made no showing that 28 U.S.C. §§ 1442 or 1443 apply to the criminal charges pending against them, and the general removal statute, 28 U.S.C. § 1446, is not applicable to criminal matters. As such, removal is improper. Obviously, this federal court has no subject matter jurisdiction over the state court criminal action.

/////
/////
/////
/////
/////
/////

**Conclusion**

For the reasons set forth above:

1. This matter is remanded to Stanislaus County Superior Court for all further proceedings;

2. Plaintiffs' motions to proceed *in forma pauperis* submitted by plaintiffs Bellamy and Woodruff (Doc. Nos. 2 and 3) are denied as moot; and

3. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:  **August 29, 2016**                              _____
                                                                          UNITED STATES DISTRICT JUDGE

4